WILSON, J.,
FOR THE COURT:
¶ 1. Tom Bostick and Larry Poe own houses in a. residential subdivision in De-Soto County. Bostick and Poe began offering their houses for short-term' rent to transient guests on HomeAway.com and other websites. DeSoto County contends that such rentals are not a permitted use •under applicable DeSoto County Zoning Regulations, which permit, as relevant’ in this case, “single family dwellings.” The DeSoto County Chancery Court agreed and permanently enjoined Bostick and Poe from offering their houses as “vacation rentals” to short-term, transient renters. On appeal, Bostick and Poe argue that the chancery court misinterpreted the applicable regulations. However, we agree with the chancery court that such rentals are not a permitted use. Therefore, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Bostick owns a house in Blue Lake Springs, a residential subdivision in Lake Cormorant, an unincorporated community in DeSoto County. Bostick once lived in the house, but he now resides near Auburn, Alabama. After he moved, Bostick began offering the house for rent on HomeAway.com, with a two-night minimum stay. Bostick’s online listing touts the house’s proximity to Graceland, Beale Street, Tunica, and the University of Mississippi. Online reviews for the house indicate that he has rented it for, among other purpose's, family gatherings, vacations, “guys” and “girls” weekends, a “bachelo-rette gathering,” and as a place for out-of-state wedding guests to stay.
¶ 3. Poe owns three houses in Blue Lake Springs. He has offered the houses for short-term rent on Craigslist, HomeA-way.com, and other websites. Neighbors have complained about raucous parties, loud music, and out-of-state vehicles coming and going at the houses.
¶ 4. In December 2014, the County filed an application in the DeSoto County Chancery Court for a temporary restraining order, preliminary injunction, and permanent injunction to “halt the short-term rental” of Bostick’s home.[1] The County *22 alleged that the property was “not [being] used as any person’s residence but [was] rather being continually rented on a 2 to 3 night basis.” The County further alleged that such use of the property violated the applicable county zoning regulations for property zoned “A-R Overlay.” The County filed a similar application to enjoin Poe from renting his houses on a short-term basis.
¶ 5. On January 30, 2015, a hearing was held in the Bostick case. Following the hearing, the chancery court entered an order preliminarily enjoining Bostick from renting the house “to transient guests for compensation.” Bostick and Poe are represented by the same counsel, and the court subsequently entered an agreed order consolidating the Bostick and Poe cases.
¶ 6. The consolidated cases proceeded to a final hearing on June 4, 2015. Benny Hopkins, the director of planning for De-Soto County, and Jeremy Sartain, a longtime resident of Blue Lake Springs, testified in the County’s case-in-chief. Shelley Johnston, a certified planner and planning consultant, testified for Bostick and Poe.[2]
¶ 7. Sartain testified that neighbors were concerned about parties at the subject properties with “loud music” and numerous vehicles with out-of-state license plates. He testified that during a recent weekend, “15 to 20 motorcycles [were] parked in the driveway” of one of the houses and “loud music” was playing. “All weekend,” “all you heard was the motorcycles rip[-]roaring through the neighborhood.” The motorcycles all had out-of-state tags, and no one knew why they were there. Sartain and others were afraid to allow their children to ride bikes or play outside. Another weekend, Poe rented a house to University of Memphis students for a party. Poe told Sartain that he knew that the students had a “stripper” at the party—or, if not a stripper, “a female [who] was not dressed appropriately.”
¶ 8. The chancery court subsequently ruled “that a permanent injunction [was] justified,” finding as follows:
Single family dwellings permitted in the AR zone are dwellings designed or used as a residence, and they do not include a room in a hotel which is open to transient guests. It is not the intention of the DeSoto County Zoning Regulations to allow so-called vacation rentals in a residential subdivision.
Therefore, the court “permanently enjoined” Bostick and Poe “from renting their homes as so-called vacation rentals.” Bostick and Poe filed a timely motion for a new trial, which was denied, and a timely notice of appeal. On appeal, they argue that the DeSoto County Zoning Regulations do not prohibit the rental of a “single family dwelling” to “transient guests” on a “short-term basis.”[3]
*23 DISCUSSION
¶ 9. “The findings of a chancellor will not be disturbed on review unless the chancellor was manifestly wrong, clearly erroneous, or applied the wrong legal standard. ... However, for questions of law, the standard of review is de novo.” McNeil v. Hester, 753 So.2d 1057, 1063 (¶ 21) (Miss. 2000). There are no significant or material facts in dispute in this case. Rather, the appeal turns on the proper interpretation of applicable zoning regulations, an issue of law. Therefore, we review the chancery court’s decision de novo.
¶ 10. “Zoning ordinances should be given a fair and reasonable construction, in the light of their terminology, the objects sought to be obtained, the natural import of the words used in common and accepted usage, the setting in which they are employed, and the general structure of the zoning ordinance as a whole.” City of Gulfport v. Daniels, 231 Miss. 599, 604-05, 97 So.2d 218, 220 (1957). “The cardinal rule in construction of zoning ordinances is to give effect to the intent of the lawmaking body.” Columbus & Greenville Ry. Co. v. Scales, 578 So.2d 275, 279 (Miss. 1991). “[The Supreme] Court has held that, construing a zoning ordinance, unless manifestly unreasonable, great weight should be given to the construction placed upon the words by the local authorities.’” Hall v. City of Ridgeland, 37 So.3d 25, 40 (¶ 50) (Miss. 2010) (quoting Scales, 578 So.2d at 279).
¶ 11. Under the DeSoto County Zoning Regulations, the houses at issue in this appeal are in a “Residential Overlay District” referred to as “A-R Overlay.” As relevant in this case, permitted uses in the A-R Overlay District are the same “[u]ses permitted in the underlying base zone district,” which is “A-R”—the “Agricultural-Residential District.” “Permitted Uses” in the A-R District include, as relevant in this appeal, “[s]ingle family dwellings.”[4] The issue in this appeal is essentially whether a “single family dwelling” may be continually rented to a succession of transient guests on a short-term basis and yet retain its character as a single family dwelling.
¶ 12. Article II of the DeSoto County Zoning Regulations provides definitions for a number of terms that are potentially relevant to this issue:
24. DWELLING: Any building or portion thereof designed or used as the residence of one (1) or more persons, but not including a tent, cabin, travel trailer, or a room in a hotel, motel or boarding house.
25. DWELLING, SINGLE FAMILY ATTACHED: A dwelling designed for and occupied by not more than one family having a wall in common with one other dwelling unit but located on a separate lot.
26. DWELLING, SINGLE FAMILY DETACHED: A dwelling designed for and occupied by not more than one family which does not have any roof wall or floor in common with any other dwelling unit.
[[Image here]]
31. FAMILY: One or more individuals occupying a dwelling unit and living as a single household unit but not exceeding four unrelated persons.
[[Image here]]
47. HOTEL: A building in which overnight lodging is provided and offered *24 to the public for compensation, and which is open to transient guests, in contradistinction, to a boarding house or lodging house as herein defined.
[[Image here]]
83. ROOMING HOUSE [or BOARDING HOUSE or LODGING HOUSE[5]]: A building or place where lodging is provided (or which is equipped regularly to provide lodging by pre-arrangement for definite periods), for compensation, for five or more, but not exceeding 12 individuals, not open to transient guests, in contradistinction to hotels open to transients including group houses and halfway houses.
¶ 13. In this case, the County has focused on the general definition of “dwelling,” arguing that transient, short-term renters do not use the houses as a “residence,” as contemplated by the definition. The County also argues that the houses have been put to a “hotel-like use,” which excludes them from the definition. The County concludes that because such use of the houses is contrary to the definition of “dwelling,” it is also contrary to their permitted use as “single family dwellings.”
¶ 14. The dissent disagrees with the County’s interpretation of the definition. The dissent emphasizes that a “dwelling” is defined in part as a “building or portion thereof designed or used as the residence of one (1) or more persons” (emphasis added). The dissent reasons that a house is a dwelling if it is “designed” as a residence even if it is not “used” as such, and the houses at issue clearly were designed to be residences; therefore, they are dwellings. The dissent also rejects the County’s argument that the houses are no longer dwellings because Bostick and Poe are using them like hotels. The dissent emphasizes that only “a room in a hotel” (emphasis added) is excluded from the definition of dwelling.
¶ 15. As stated, the relevant regulations must be interpreted fairly and reasonably in a manner consistent with the purpose and structure of the DeSoto County Zoning Regulations as a whole, Daniels, 231 Miss. at 604-05, 97 So.2d at 220, and, “unless manifestly unreasonable,” we will give “great weight ... to the construction placed upon the words by the local authorities.” Hall, 37 So.3d at 40 (¶ 50) (quoting Scales, 578 So.2d at 279). In this case, we cannot say that DeSoto County’s interpretation of the definition of a dwelling is manifestly unreasonable. We accept the dissent's point that a house may be a dwelling as long as it is “designed” as a “residence,” even if it is not “used” as such. Even so, the County reasonably determined that these houses were being used as “hotels,” as that term is defined in the regulations, and that such use excludes them from the definition of a dwelling. As noted above, a “hotel” is defined to include a “building in which overnight lodging is provided and offered to the public for compensation, and which is open to transient guests.” As used by Bostick and Poe, the houses at issue meet this definition: they are offered for rent on public websites, and they are marketed and “open to transient guests.”[6] Thus, although the houses lack *25 some common, recognizable -features of most hotels, the County reasonably concluded that they are being used as hotels, as the term is defined in the applicable regulations. Furthermore, given that the definition of a dwelling specifically excludes “a room in a hotel,” it is not manifestly unreasonable for the County to apply the exclusion to a property being used as a hotel.
¶ 16. The foregoing is a sufficient basis to affirm the judgment and injunction entered by the chancery court. However, the DeSoto County Zoning Regulations’ more specific definition of a “single family dwelling” provides additional support for the injunction. The County has not relied on this more specific definition[7] even though the relevant permitted use in this case is, specifically, “[sjingle family dwellings.” However, based on the longstanding rule of statutory interpretation that a specific provision controls over a more general provision,[8] the more specific definition cannot be ignored.[9]
¶ 17. As noted above, the zoning regulations define a' “single family dwelling”— whether “attached” or “detached”—as “[a] dwelling designed for and occupied by not more than one family .,.." (Emphasis added). Regardless of whether any particular group that rented from Bostick or Poe met the definition of a “family” (see supra n.7), the transient nature . of the rentals resulted in the houses being “occupied by ... more than one family,” a non-permitted use under the applicable zoning regulations. Bostick and Poe rented their houses for occupancies by a succession, of short-term, transient renters. We conclude that this was inconsistent with the definition of a “single family dwelling.”
¶ 18. Finally, we note that a “bed and breakfast home” is a “conditional use” in the A-R District. Unlike a “permitted use,” a “conditional use” “may be permitted” only if it is first “approved by the [DeSoto County] Board of Adjustment.” The Board must investigate and hold a public hearing on any application for a conditional use permit, and the Board will approve the application only if it finds “that the county would benefit from the proposed use and the surrounding' area would not be adversely affected.” A “bed and breakfast home” is also subject to a minimum lot size of 1.5 acres,. off-street parking requirements, and approval by the DeSoto County Health Department. Also, “[g]uest activities” at a bed and breakfast “shall be in keeping with the normal activities of an overnight visiting guest.” Thus, if Bostick or Poe wanted to , operate a “bed and breakfast” in any of the subject houses, they would have to. meet all of these conditions, and even then the Board of *26 Adjustment would have discretion to deny approval if, after a public hearing, the Board determined that such use would negatively affect the neighborhood. We doubt that the County intended to place such significant preconditions to the operation of a “bed and breakfast” and yet, in the same zoning district, intended to allow an unlimited succession of short-term rentals to transient guests, without any preconditions, preapproval, or other requirements.
CONCLUSION
¶ 19. In summary, we agree with the chancery court that short-term rentals to transient guests are not a permitted use under the applicable DeSoto County Zoning Regulations. Therefore, we affirm the judgment and permanent injunction entered by the chancery court enjoining Bos-tick and Poe “from renting their homes as so-called vacation rentals.”
¶ 20. THE JUDGMENT OF THE DE-SOTO COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR. BARNES, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J.

. The County originally named Stanley Roje-ski as the defendant, Rojeski admitted that he was the record owner of the property but argued that he was not a proper defendant because he had sold the property to Bostick pursuant to an owner-financed purchase .agreement. However, Rojeski’s obligation to convey title was conditioned on Bostick making full payment under the agreement, which was not scheduled to occur until October 2025. While this case, was pending in the chancery court, Rojeski executed a warranty deed in favor of Bostick, and the parties agreed that Rojeski should be dismissed and Bostick substituted as the defendant.

. Hopkins’s and Johnston’s testimony largely consisted of advocacy and defense of the parties’ respective interpretations of the zoning regulations.

. In their reply brief, Bostick and Poe argue that the zoning regulations are unconstitutionally vague if interpreted to prohibit short-term rentals to transient guests. The issue was not raised in the trial court or in Bos-tick's/Poe's principal brief on appeal. Accordingly, the issue is waived. See, e.g., Paw Paw Island Land Co. v. Issaquena & Warren Ctys. Land Co., 51 So.3d 916, 928 (¶ 49) (Miss. 2010) ("As it is improper to raise new arguments in a reply brief, the Court is under no obligation or duty to consider such argument.”); City of Hattiesburg v. Precision Constr. LLC, 192 So.3d 1089, 1093 (¶ 18) (Miss. Ct. App. 2016) ("[A] question not raised in the trial court will not be considered on appeal. Moreover, it is not sufficient to simply mention or ‘discuss’ an issue at a hearing. ... [A] trial judge cannot be put in error on a matter which was never presented to him for decision.” (citation, quotation marks omitted)).

. Other permitted uses include certain agricultural activities, churches, country clubs, public schools, and certain other listed uses. According to the regulation’s statement of purpose, "[t]he ‘A-R’ District is intended to encourage very low-density residential uses in an agricultural setting in the outlying parts of the County’s zoning jurisdiction.”

. "Boarding house” and “lodging house" are defined: "Same as [r]ooming house,”

. See Black’s Law Dictionary 1637 (Bryan A, Garner ed., 9th ed. 2009) (“Transient": adj,: “Temporary; impermanent; passing away after a short time.” n.: “A person or thing whose presence is temporary or fleeting.”); American Heritage Dictionary of the English Language 1901 (3d ed. 1992) (“Transient”: adj,; "Remaining in a place only a brief time: transient laborers" n,: “One that is transient, especially a hotel guest .or boarder who stays for only a brief time.”).

. The definition of "single family dwelling” was addressed briefly in testimony in the chancery court/ although it was not the basis of the County’s argument in that court either. The County has indicated that it is not seeking an injunction based on the definition of a “family.” The County’s position is that short-term rentals to transient guests are not a permitted use, regardless of whether the renters are a nuclear family, a group of college students, or any other group. The discussion in the text is not based on the definition of "family” and applies equally to all short-term rentals to transient guests.

. See, e.g., Yarbrough v. Camphor, 645 So.2d 867, 872 (Miss. 1994); Lincoln Cty. v. Entrican, 230 So.2d 801, 804 (Miss. 1970); McCaffrey's Food Mkt. Inc. v. Miss. Milk Comm’n, 227 So.2d 459, 463 (Miss. 1969).

. Cf. Garrett Enters. Consol., Inc. v. Allen Utils. LLC, 176 So.3d 800, 803 (¶ 8) (Miss. Ct. App, 2015) (holding that the Court was bound to consider a contract provision that was "plainly relevant to the central issue of contract interpretation raised [on] appeal” despite the parties' failure to cite or discuss the provision).