GRAHAM v. REYNOLDS
2024 OK CIV APP 26
Case Number: 122041
Decided: 10/25/2024
Mandate Issued: 11/21/2024
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2024 OK CIV APP 26, __ P.3d __

 

ERIC J. GRAHAM, Trustee of the Eric J. Graham Revocable Trust Agreement, dated August 21, 2015, Plaintiff/Appellant,
v.
ADAM S. REYNOLDS, individually, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
DELAWARE COUNTY, OKLAHOMA

HONORABLE NICHOLAS LELECAS, JUDGE

AFFIRMED

Andrew A. Shank, Sloane Ryan Lile, ELLER & DETRICH, P.C., Tulsa, Oklahoma, for Plaintiff/Appellant,

Mark W. Kuehling, KUEHLING & ASSOCIATES, P.L.L.C., Oklahoma City, Oklahoma, for Defendant/Appellee.

B.J. GOREE, JUDGE:

¶1 Plaintiff/Appellant, Eric Graham of the Eric J. Graham Revocable Trust, seeks review of the February 29, 2024 order of the Delaware County District Court. The district court granted summary judgment to Defendant/Appellee, Adam Reynolds, granting relief in Reynolds' favor related to the issue of Reynolds' use of his lake property for short-term rentals. The district court entered its Journal Entry of Judgment with an attendant costs and attorney fee award on June 28, 2024.

¶2 Plaintiff-Graham's December 22, 2020 Amended Petition sought declaratory and injunctive relief from the district court, asking for a declaration that Reynolds' short-term vacation rental of his lakefront property violated the housing addition restrictive covenants against "commercial use". Graham requested a permanent injunction, alleging Reynolds violated the commercial prohibitions in the restrictive covenants, requesting Reynolds be limited to only "residential use" of the property as provided for in the covenants.

¶3 After granting Reynolds' Motion for Summary Judgment, the district court conducted a June 1, 2024 hearing on the matter of Defendant-Reynolds' Motion to Tax Costs and Attorney Fees. The court found Reynolds was entitled to recover a reasonable attorney fee to be taxed as costs under the authority provided in 60 O.S. Supp.1986 §856

¶4 Graham and Reynolds own houses near one another in the Long Beach Acres Third Addition along Grand Lake in Delaware County, Oklahoma. The Long Beach Acres Addition began development around 1969, which included the implementation of certificates and restrictions on the use of property within the Long Beach Acres Additions. Plaintiff-Graham purchased his property at the lake in 2003. Defendant-Reynolds purchased his lake home in November 2018.

¶5 The restrictive covenants which correspond to the Long Beach Acres Third Addition provide in part:

1. All lots in said Addition shall be used exclusively for residential purposes, and no lot in said Addition shall be used for commercial purposes. No building shall be erected, altered, placed or permitted to be on any lot other than one detached, single family dwelling and private garage. No house, garage, or other building shall be moved into the Addition. A building site or plot shall consist of a tract as originally platted, and no lot or plat shall be made smaller than shown on the plat on file.

Long Beach Development Co. Owner's Certification and Restrictions, May 6, 1969 (emphasis added).

¶6 In 2019, Reynolds began offering his lake house for short-term rentals through VRBO and other vacation rental websites. Graham brought his declaratory action and request for injunctive relief less than a year later. Graham alleges the short-term renters at Reynolds' house, which is only about 75-100 feet from his own home, impede traffic throughout the neighborhood with extra cars and boats cluttering the streets, preventing Graham's traffic flow to his home as well as impeding other neighbors. Graham asserts the enjoyment of his home has been impaired due to Reynolds' commercial exercises in the short-term rental market.

¶7 Reynolds testified during his deposition that when he began looking for a lake property he did not want a planned unit development with lots of restrictions, including restrictions on rental of the property. Reynolds explained this preference to his realtor and the realtor represented this lake property did not prohibit rentals. Reynolds first learned of the restrictive covenants when he was served with Plaintiff's suit in this case.

¶8 In addition to the lake property, Reynolds owns other properties for rent. Reynolds gave an overview of his L.L.C. format under which the ownership structure of his rental properties is organized. He owns seven residential properties and one small office building.

¶9 Reynolds explained his rental process regarding the lake house and his listings on vacation rental sites such as VRBO. He testified he had approximately sixty-three vacation rental nights in 2019, totaling $31,580, and approximately 71 rental nights in 2020, for a total of $34,574. These totals did not represent net income. He incurred costs related to facilitate rentals through the vacation websites, cleaning costs after each rental and employment of a "property manager" to address issues for guests at the local level. Reynolds also noted additional costs such as the mortgage, property taxes, insurance premiums, cleaning supplies, and furniture which he tracks for tax purposes. Reynolds estimated his own family used the lake house about forty to sixty times in 2019 and extended family used it with some frequency as well. Graham argued the company ownership of the house, significant rental income, advertisement on vacation websites and elements such as the property manager weighed in favor of a finding that Reynolds was engaged in a commercial enterprise.

¶10 Graham's request for declaratory relief and an injunction rests first on the question of law regarding the interpretation of the restrictive covenant requiring use of one's Long Beach Acres home for exclusively "residential purposes" and prohibiting use for "commercial purposes".Crystal Bay Estates Homeowners' Ass'n, Inc. v. Cox, 2022 OK CIV APP 38521 P.3d 812

¶11 The district court granted Defendant-Reynolds' Summary Judgment Motion finding short-term rental of Reynolds' lake property "did not violate the restrictions against use of the property for a business purpose", because the short-term renters used the property for "ordinary living purposes." The district court noted the restrictive covenants did not provide a definition for either term, "residential purpose" or "commercial purpose". The district court noted this majority approach was articulated by courts in Alabama, Arkansas, Oregon and other states. The court reasoned the majority approach was consistent with analogous authority in Oklahoma, although Oklahoma courts have not directly addressed this short-term rental issue.

¶12 The Oklahoma Supreme Court has not yet addressed the issue of whether a short-term rental of one's home violates a restrictive covenant for the use of a home exclusively for "residential purposes", with a corresponding prohibition on use for "commercial purposes". Oklahoma courts have considered analogous cases with regard to restrictive covenants and resolving ambiguities contained therein. In Jackson v. Williams, 1985 OK 103714 P.2d 1017

¶13 The Jackson court stated the construction of restrictive covenants is "ordinarily control[led]" by the parties' intentions. Id. at ¶16. However, the Supreme Court noted restrictive covenants are "not favored" and will be "strictly construed to the end that all ambiguities will be resolved in favor of the unencumbered use of the property." Id.

¶14 The analysis of restrictive covenants rests on contract interpretation and construction in an effort to discern what was the parties' intent when they were drafting the covenants.Crystal Bay Estates, 2022 OK CIV APP 38

¶15 The intentions of the Long Beach Development Company in 1969 are not clear from the certifications and restrictions presented in this appellate record. Neither term, "residential purpose" nor "commercial purpose", is defined within the restrictive covenants. And there is no apparent restriction on renting one's property in the Long Beach Acres Additions, regardless of the duration of the rental terms.

¶16 Graham asserted the limitation to residential use and the exclusion of commercial use is clear and obvious. He presented evidence Reynolds' rental scheme garners significant income for Reynolds, over $30,000 in both 2019 and again in 2020. The home is also owned by a corporate entity and Reynolds rents other properties also owned by the corporate entity, engaged in what Graham asserts is essentially a business or commercial venture.

¶17 In countering Graham's arguments, Reynolds explained he does not rent to large groups, the property is advertised for use by small groups, up to eight people, "onsite parties or group events are strictly prohibited" on the property, and the described activity for the property is decidedly domestic, sleeping, bathing, fixing meals, watching TV, playing card games, fishing, and exploring the lake. Reynolds also testified in his deposition that he and his family members spend considerable time at the lake house when it is not being rented.

¶18 The majority view, which was imposed by the district court when it implemented the order below, is represented in court decisions in approximately twenty-five (25) states.

¶19 The majority view proves to be a logical extension to existing Oklahoma jurisprudence, due to the Oklahoma Supreme Court's decision in Jackson v. Williams and the appellate court's decision in Crystal Bay Estates, which relied on Jackson v. Williams. Both opinions found restrictive covenants are "strictly construed", "not favored by law" and "ambiguities will be resolved in favor of the unencumbered use of the property." Crystal Bay Estates, 2022 OK CIV APP 38Jackson v. Williams, 1985 OK 103

¶20 Graham insists "residential purposes" and "commercial purposes" are not ambiguous terms and that Reynolds' significant income generation, employment of a property manager and advertisement on vacation websites denotes "commercial purposes" for Reynolds' use of the property. However, the terms are undefined in the Long Beach Acres restrictive covenants, there is no direction given as to whose perspective from which the activity is evaluated, whether from the guest's perspective or property owner or some combination thereof, and no rental prohibition of any duration, short-term or long-term, is mentioned in the Long Beach Acres covenants provided.

¶21 The lack of guidance provided by the Long Beach Acres restrictive covenants, leads this court to find that the terms "residential purposes" and "commercial purposes" are ambiguous in this case, similar to that which the Supreme Court of Montana considered in Craig Tracts Homeowners' Ass'n, Inc. v. Brown Drake, L.L.C., 477 P.3d 283, 286-87 (Mont. 2020). In Craig Tracts Homeowners' Ass'n, the Montana court found the short-term rental of a fishing lodge did not violate a restrictive covenant that property be used for "residential" purposes only. The Montana court found "used for residential purposes only" was ambiguous terminology. Id. Consistent with the Oklahoma Supreme Court's pronouncement in Jackson v. Williams, the Montana court found restrictive covenants are to be strictly construed and ambiguities are to be resolved "in favor of free use of property." Id. at 285. "Ambiguity is a question of law for the Court to determine and exists where the language, as a whole, is subject to two different reasonable interpretations." Id. at 486-87. Graham's assertion which focuses on the idea that Reynolds' rental income and potential profit mark a prohibited "commercial purpose" and Reynolds' assertion the residential activity in which his guests engage while at the lake house is consistent with a permitted "residential purpose" are both reasonable interpretations of the covenant terms. Because multiple reasonable interpretations can be gleaned from the restrictive covenant text, we find both terms, "residential purpose" and "commercial purpose", are ambiguous as the terms are presented here.

¶22 In keeping with the Oklahoma Supreme Court's decision in Jackson v. Williams, 521 P.3d at 819, the terms must be strictly construed to the end that "all ambiguities will be resolved in favor of the unencumbered use of the property." This resolution favors Reynolds' unencumbered use and ability to rent his property for short-term rentals. The Indiana appellate court in Applegate v. Colucci, 908 N.E.2d 1214, 1220, explained the term "residential use" could have easily been explicitly defined to prohibit temporary or short-term rental of the property, but this was not done. The Indiana court then noted, as the Oklahoma court did in Jackson v. Williams, that restrictive covenants are not favored and resolved the ambiguity in favor of free use of the property. Id.; see also Jackson v. Williams, 714 P.2d at 1021; Crystal Bay Estates, 521 P.3d at 819.

¶23 We reach a similar result to that reached by the court in Applegate, wherein the restrictive covenant ambiguities in this case are resolved in favor of Reynolds' unencumbered use of his lakefront property.

¶24 Plaintiff-Graham did not appeal the attorney fee and costs award and stipulated to the reasonableness of the fee for the amount of hours extended by both parties' counsel, the hourly rates and customary charges in the locality of practice. In addition, Plaintiff/Appellant did not raise objection to the award of costs when bringing this appeal. As a result, the award of attorney fees and costs to Defendant-Reynolds in the amount of $35,729.95 will not be disturbed on appeal.

¶25 The February 29, 2024 appealed order of the Delaware County District Court granting Defendant-Reynolds' Motion for Summary Judgment is AFFIRMED.

MITCHELL, P.J., and DOWNING, J., concur.

FOOTNOTES

60 O.S. Supp.1986 §856

Any person owning property in a real estate development shall be entitled to bring action against any other person owning property in such development to enforce any of the restrictions or covenants of the real estate development which are specified by the covenants or restrictions. In any action to enforce any restriction or covenant pursuant to the provisions of this section, the prevailing party shall be entitled to recover reasonable attorney's fees to be fixed by the court, which shall be taxed as costs in the action.

Plaintiff and Defendant "hereby agree and jointly stipulate as follows:"

1. The sum of $35,000.00 is a reasonable attorney fee expended by Defendant in the above-referenced matter.

2. The sum of $35,000.00 is a reasonable attorney fee expended by Plaintiff in the above-referenced matter.

3. The time spent by the attorneys for both Parties in this action was necessary, and their respective hourly rates are reasonable and within the fee customarily charged in this locality for similar legal services.

Plaintiff ... hereby dismisses only the declaratory relief claim related to nuisance against Adam S. Reynolds ("Defendant"), without prejudice to the re-filing thereof. Plaintiff does not dismiss and specifically renews his claim that Defendant's use of the subject property violates the non-commercial restrictions governing the subject property.

Jackson v. Williams, 1985 OK 103714 P.2d 1017Slaby v. Mountain River Estates Residential Ass'n, Inc., 100 So.3d 569 (Ala.Civ.App. 2012) (In a case regarding short-term rentals and alleged violations of restrictive covenants, the court found short-term rentals did not violate provisions for "single family residential purposes only" and prohibitions against "commercial, agricultural or industrial use".); Vera Lee Angel Revocable Trust v. Jim O'Bryant and Kay O'Bryant Joint Revocable Trust, 537 S.W.3d 254 (Ark. 2018) ("A closer question is whether short-term rentals violate the restriction on 'any commercial purpose.'... the bill of assurance cited specific examples of the types of 'commercial purposes' that were contemplated by the restriction -- 'including motels, tourist courts, motor-hotels, hotels, garage apartments, apartments, etc.' Each of these examples connotes ventures that have an outward appearance and character of operation that is readily distinguishable from a single-family dwelling."); Yogman v. Parrott, 937 P.2d 1019 (Or. 1997) (The court held that owners of a beach house could not be enjoined from renting their house on a short-term basis, because a covenant that restricted use of the property to "residential purposes," was ambiguous both in its definition, and in its construction in the context of other evidence of intent.).

Crystal Bay Estates, 521 P.3d at 819-20 (footnote omitted), discussed Jackson v. Williams and the Oklahoma Supreme Court's holding in K & K Food Services, Inc. v. S & H, Inc., 2000 OK 313 P.3d 705Jackson v. Williams with respect to the strict construction of restrictive covenants and the resolution of ambiguity in favor of unrestricted use of property:

[I]n K & K Food Services, Inc. v. S & H, Inc., 2000 OK 313 P.3d 705Jackson], insist[ed] that restrictive covenants are not favored by the law and will be strictly construed to the end that all ambiguities will be resolved in the favor of the unencumbered use of the property," the Oklahoma Supreme Court clarified that "[i]n Jackson we recognized that, generally, covenants are not favored by the law and they are strictly construed so that ambiguities are resolved in favor of the unencumbered use of the property. However, we also recognized that ordinarily the intent of the parties controls." 2000 OK 313 P.3d 705Jackson does not stand for such a broad exposition of the law[.]" K & K Food Servs., Inc., 2000 OK 313 P.3d 705

Turning to the intent of the parties, the Oklahoma Supreme Court has explained that,

[i]n arriving at the parties' intent, the terms of the instrument are to be given their plain and ordinary meaning. Where the language of a contract is clear and unambiguous on its face, that which stands expressed within its four corners must be given effect. A contract should receive a construction that makes it reasonable, lawful, definite and capable of being carried into effect if it can be done without violating the intent of the parties.

May v. Mid-Century Ins. Co., 2006 OK 100151 P.3d 132See also 15 O.S. 2011 § 159

Slaby v. Mountain River Estates Residential Ass'n, Inc., 100 So.3d 569 (Ala.Civ.App. 2012) (In a case regarding short-term rentals and alleged violations of restrictive covenants, the court found short-term rentals did not violate provisions for "single family residential purposes only" and prohibitions against "commercial, agricultural or industrial use".); Arkansas - Vera Lee Angel Revocable Trust v. Jim O'Bryant and Kay O'Bryant Joint Revocable Trust, 537 S.W.3d 254 (Ark. 2018) ("A closer question is whether short-term rentals violate the restriction on 'any commercial purpose.'... the bill of assurance cited specific examples of the types of 'commercial purposes' that were contemplated by the restriction -- 'including motels, tourist courts, motor-hotels, hotels, garage apartments, apartments, etc.' Each of these examples connotes ventures that have an outward appearance and character of operation that is readily distinguishable from a single-family dwelling."); Colorado - Houston v. Wilson Mesa Ranch Homeowners' Ass'n, Inc., 2015 COA 113, 360 P.3d 255 (Colo. App. 2015) (short-term vacation rentals of houses in subdivision were not barred by commercial-use prohibition in restrictive covenants, the amendment that was made to administrative procedures of association's board of trustees and that precluded unapproved short-term rentals and imposed fines for violations of that prohibition was unenforceable.); Connecticut - Wihbey v. Zoning Bd. of Appeals of Pine Orchard Ass'n, 292 A.3d 21 (Conn.App.Ct. 2023) (As a matter of first impression, under prior zoning regulations, short-term rentals of single family home were a permitted use of the property; phrase "single-family dwelling" and the other terms used to define it in zoning regulations at the time of the homeowner's initial rentals of the property had not previously been subjected to judicial scrutiny.); Florida - Santa Monica Beach Property Owners v. Acord, 219 So.3d 111 (Fla.1st Dist. Ct. App. 2017) (The nature of the property was not transformed by owner receiving income, the court found short-term rental did not violate restrictions against use for business purposes.); Georgia - Grave de Peralta v. Blackberry Mountain Ass'n, Inc., 726 S.E.2d 789 (Ga.App. 2012) (Where a restrictive covenant required the "holder or holders of legal title shall designate in writing the names of persons entitled to use, whether by lease, agreement, or otherwise, the Parcel and Common Areas under this provision; and such designation shall not be changed more than three (3) times in any one calendar year without the express consent of the Association"; this provision did not prohibit property owners from renting out their house for short-term periods of only a few days at a time, the court held; because when read in context, it was unclear whether this requirement applied to the owners or only to corporate owners and, even if it did apply to the owners, the covenant did not require the owners to notify the association of persons staying at the residence who had no ownership interest in the property, as was the case with the short-term renters.); Hawaii - Hiner v. Hoffman, 977 P.2d 878 (Haw. 1999) (in the context of a building code restriction, "in construing deeds and instruments containing restrictions and prohibitions as to the use of property conveyed, all doubts should be resolved in favor of the free use thereof for lawful purposes in the hands of the owners of the fee"; [s]ubstantial doubt or ambiguity in restrictive covenant is resolved against the person seeking its enforcement[.]"); Roaring Lion, LLC v. v. Exclusive Resorts PBL 1, L.L.C., 2013 WL 1759002 (Haw. Ct. App. 2013) (unpublished opinion) (In the context of a short-term rental dispute, it was error to grant summary judgment on the issue of short-term rentals falling into the prohibition of "commercial activity". The case was reversed to consider the overall circumstances of use.); Idaho - Pinehaven Planning Bd. v. Brooks, 70 P.3d 664, 668 (Id. 2003) ("[E]ating, sleeping and other residential purposes" was not found to be inconsistent with short-term rental.); Illinois -- Wood v.Evergreen Comdominium Ass'n, 189 N.E.3d 1045, 1052 (App. Ct. 1st Dist. 2021), appeal denied, 451 Ill. Dec. 444, 183 N.E. 3d 901 (Ill. 2021) (Condominium which prohibited lease, sublease, or assignment of lease of units for a period of fewer than 30 days did not bar owner from the short-term licensing of her unit to guest, but defendant's short-term rentals violated city regulations governing rentals as business activities. The city's regulations required such things as registration of an owner's rental units and tax identification requirements); Indiana - Applegate v. Colucci, 908 N.E.2d 1214 (Ind. Ct. App. 2009) (In a case of first impression, the court found that owners of property in a subdivision, who rented out their cabins on a short-term basis, by the night and by the week, to groups of up to 17 persons, did not violate a subdivision covenant limiting the properties to use "for residential purposes".); Maryland - Lowden v. Bosley, 395 Md. 58, 909 A.2d 261 (Md.App. 2006) (Subdivision residents were properly denied injunctive relief against property owners who used their subdivision homes exclusively for short-term rentals, because the restrictive covenant requiring all lots to be used for "single family residential purposes" was not ambiguous, in that it plainly did not state that short-term rentals were prohibited.); Missouri - Mullin v. Silvercreek Condominium Owner's Ass'n, Inc., 195 S.W.3d 484 (Mo. Ct. App. S.D. 2006) (Where the condominium's declaration contained a restrictive covenant stating that all units were to be devoted "exclusively to residential use by a single family," and also provided that there should be no "business or trade conducted", this did not prevent the owners of multiple units within the building from renting the units on a short-term basis.); Montana - Craig Tracts Homeowners' Ass'n., Inc. v. Brown Drake, L.L.C., 477 P.3d 283 (Mont. 2020) (The court found short-term rentals did not violate covenant that property be used for "residential purposes only".); Nevada - Elk Point Country Club Homeowners' Ass'n, Inc. v. K.J. Brown, L.L.C., 515 P.3d 837 (Nev. 2022) (Bylaws' provisions restricting the units to "single family residential purposes only" did not prohibit rentals); New Hampshire - Town of Conway v. Kudrick, 301 A.3d 823 (N.H. 2023) (Under the town's zoning ordinance, "residential/dwelling unit" did not relate to who was using the property or for how long they choose to do so, but requires the nature of the use to be residential and not commercial.); New Mexico - Mason Family Trust v. DeVaney, 207 P.3d 1176 (N.M.Ct. App. 2009) (Owner's renting of their property which was located in a deed restricted community was an economic endeavor, but the activity was not prohibited by restrictive covenants requiring use of the property for "dwelling purposes only" and precluding use for "business or commercial purposes", because the renters used the property for living purposes, and if the covenants were meant to restrict short-term rentals, the covenants would have needed to include a specific provision for such prohibition.); North Carolina - Russell v. Donaldson, 731 S.E.2d 535 (N.C.Ct.App. 2012) (A restrictive covenant for a residential development, providing that "no lots shall be used for business or commercial purposes," did not prohibit the owners' use of their homes for short-term vacation rentals. The covenants failed to include definitions for "business" or "commercial" activities.); Ohio - Kinzel v. Ebner, 157 N.E.3d 898 (Ohio Ct. App. 6th Dist. Erie County 2020) (An owner's use of their properties for short-term vacation rentals did not violate a restrictive covenant that required any building or structure to be a single, private, dwelling house "designed and intended for the occupancy of one family only".); Oregon - Yogman v. Parrott, 937 P.2d 1019 (Or. 1997) (The court held that owners of a beach house could not be enjoined from renting their house on a short-term basis, because a covenant that restricted use of the property to "residential purposes," was ambiguous both in its definition, and in its construction in the context of other evidence of intent.); South Carolina - Community Services Assoc., Inc. v. Wall, 808 S.E.2d 831 (S.C.Ct. App. 2017) (Where a homeowner in a subdivision rented out, on a short-term basis, the entire first floor of their single-family residence to renters solicited on the internet site Airbnb, while the owner continued to occupy the upstairs guest suite, this did not violate the plain language of a restrictive covenant requiring that "all residential areas shall be used for residential purposes exclusively".); South Dakota - Wilson v. Maynard, 961 NW2d 596 (S.D. 2021) (Covenants said property could only be used for "residential purposes", neighbor sought declaratory relief that this prohibited short-term rentals. The appellate court affirmed the lower court's finding that short-term rentals were a "residential purpose" and injunctive relief was denied.); Texas - Tarr v. Timberwood Park Owners Assoc., Inc., 556 S.W.3d 274 (Tex. 2018) (The single-family residence limitation of deed did not preclude use of home for short-term vacation rentals.); Virginia - Scott v. Walker, 645 S.E.2d 278 (Va. 2007) (The court held that a restrictive covenant for lots in subdivision, stating that lots would be used only for "residential purposes," was ambiguous regarding whether it prohibited short-term rental of single-family dwelling on nightly or weekly basis.); Washington - Wilkinson v. Chiwawa Communities Ass'n, 327 P.3d 614 (Wash. 2014) (Restrictive covenants limiting use of lots to "single family residential use" and prohibiting "industrial or commercial use" did not prohibit short term vacation rentals of homes.); Wisconsin - Forshee v. Neuschwander, 900 N.W.2d 100 (Wis.App. 2017) (Neighbors brought action against lakefront lot owners, alleging short-term rentals violated restrictive covenant prohibiting "commercial activity" on the lot. The court held the covenant was ambiguous with respect to whether short-term rentals were prohibited and thus did not prohibit lot owners from renting out their property on short-term basis.).

Hensley v. Gadd, 560 S.W.3d 516 (Ky. 2018) (An owner's use of their two properties, located within the same subdivision, for the purpose of short-term rentals, violated a restrictive covenant requiring that the single-family lots be used "only for residential purposes".); Louisiana - Edwards v. Landry Chalet Rentals, L.L.C., 246 So. 3d 754 (La. Ct. ApP.2d Cir. 2018), writ denied, 244 So. 3d 437 (La. 2018) (There was sufficient evidence to show that the corporate owner of a subdivision lakefront property violated a subdivision covenant prohibiting use of the property for "any commercial purposes". The court held that the owner was a limited liability company and it advertised the property on a vacation rental website, insured it with a commercial insurance policy, and leased it to 43 different occupants for approximately four nights on average over a two-year period, earning over $53,000; and this was sufficient to meet the common definition of "commercial activity," which meant connected with or furthering an ongoing profit-making activity.); Maine - Morgan v. Townsend, 302 A.3d 30 (Me. 2023) ("[A]s a matter of first impression, homeowner's short-term rentals of his property violated restrictive covenant providing that "no trade or business shall be conducted therefrom[.]"); Michigan - Eager v. Peasley, 911 N.W.2d 470 (Mich.App. 2023) (Transient use of lakefront property for short-term rentals violated restrictive covenant limiting use to "private occupancy only" and "private dwelling," and such use violated restrictive covenant barring "commercial use". The court also discusses the significance of income earned by owner of property in characterizing it as a commercial endeavor.); Mississippi - Bostick v. Desoto County Bd. Supervisors, 225 So.3d 20 (Miss.App. 2017) (The court held that owners' short-term rental of homes to transient guests was a non-permitted use under zoning regulations permitting single family dwellings only.); and New York - West Mountain Assets, L.L.C. v. Dobkowski, 211 NYS3d 531 (NY App.Div. 2024) (Property owner's use of parcel in subdivision to allow short-term rentals violated restrictive covenant requiring use of parcels within subdivision to be limited to "single-family residential purposes".).

Roaring Lion, LLC v. v. Exclusive Resorts PBL 1, L.L.C., 2013 WL 1759002 (Haw. Ct. App. 2013) (unpublished opinion) ("[I]f the focus should properly be on the renters' use of the property, and not the owners' use, the use might be considered residential depending on how the renters used the property during their stays.").